# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN CLAUSEN,<br><br>Plaintiff,<br><br>v.<br><br>R. SMITH, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-00416-MMD-WGC<br><br>**<u>ORDER</u>**<br><br>Re: ECF No. 15 |

Before the court is Defendants Motion to Strike Plaintiff's First Amended Complaint at ECF No. 13. (ECF No. 15.)

Defendants ask the court to strike Plaintiff's first amended complaint (FAC) in its entirety because he did not obtain Defendants' consent or leave of court before it was filed. If the court declines to strike the FAC in its entirety, Defendants ask the court to at least strike Exhibit A to the FAC which contains a confidential settlement communication.

For the reasons set forth below, the court denies the motion to strike the FAC in its entirety, but grants the motion insofar as it asks the court to strike Exhibit A. In addition, the court has screened the FAC and will allow it to proceed.

## **I. BACKGROUND**

Plaintiff filed his application to proceed in forma pauperis and proposed civil rights complaint on July 10, 2017. (ECF Nos, 1, 1-1, 4.) The court screened the complaint and dismissed

the Nevada Department of Corrections (NDOC), but allowed Plaintiff to proceed with due process claims against Robert Smith, Javier Castro, Dillyn Keith and Brian Ward, based on allegations that he was improperly designated to a Security Threat Group (STG) which resulted in his facing significant and atypical conditions of confinement in the form of a risk to his life as a result of the designation. (ECF No. 5.) The complaint was filed (ECF No. 6), and the action was stayed for 90 days to allow the parties to try to settle the case through the court's Early Inmate Mediation Program. (ECF No. 5.) The mediation took place on October 2, 2018, but the parties were unable to reach a settlement. (ECF No. 10.) On October 12, 2018, the court entered an order that the case would proceed, directing the Clerk to electronically serve the complaint on the Attorney General's Office, and ordered the Attorney General's Office to file a notice within 21 days advising whether it accepted service for the defendants. (ECF No. 12.)

Plaintiff filed the FAC on October 22, 2018. (ECF No. 13.) The FAC is essentially the same as the original complaint, except that it adds a due process and equal protection claim against Assistant Director Wickham, whom Plaintiff alleges knew of his requests for an STG hearing via grievance but denied his grievance when other inmates had been given STG hearings.

On October 24, 2018, the Attorney General's Office filed a notice accepting service for Ward, Castro, Smith and Keith. (ECF No. 14.) Then, on December 11, 2018, they moved to strike the FAC (ECF No. 15.)

## II. DISCUSSION

**A. The FAC Was Properly Filed Under Rule 15(a)(1)**

As it applies here, under Rule 15, Plaintiff was permitted to amend his complaint once as a matter of course within 21 days after serving it. Otherwise, he was required to obtain Defendants' written consent or the court's leave. Fed. R. Civ. P. 15(a)(1)(A), (B).

Plaintiff's complaint was served on the Attorney General's Office on October 12, 2018, and Plaintiff filed his FAC on October 22, 2018—within twenty-one days of it the original being served. Therefore, he did not need to seek Defendants' consent or leave of court before filing the FAC. Fed. R. Civ. P. 15(a)(1)(A). Therefore, to the extent Defendants move to strike the FAC in its entirety, the motion is denied.

**B. It is Proper to Strike Exhibit A to the FAC**

Federal Rule of Civil Procedure 12(f) gives the court authority to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading on its own or on a motion made by a party.

Defendants are correct that Exhibit A to the FAC is a confidential settlement communication and should be stricken. Local Rule 16-5 provides that unless the parties agree or the court orders it, a party may not disclose any confidential dispute-resolution communication that reveals the parties' dispute-resolution positions. Since Exhibit A is exactly that, it should be stricken from the record.

Therefore, to the extent Defendants move to strike Exhibit A from the FAC, the motion is granted.

**C. Screening the FAC**

**1. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally

4

cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**2. Plaintiff's FAC**

The majority of the FAC is identical to the original complaint, but it adds: an allegation that Defendants' case for Plaintiff's STG designation rests on their claim that he had certain tattoos that he maintains he does not have; and, due process and equal protection claims against Assistant Director Wickham in Count V. The claims against Wickham are based on allegations that Plaintiff submitted requests for a STG hearing in his grievances and Wickham had authority to order a hearing, but he denied the grievances while affording similarly situated inmates a STG due process hearing. The FAC also adds exhibits (other than Exhibit A which has been stricken), including Plaintiff's STG designation and an order in a case where another inmate sued concerning his STG designation that Plaintiff relies on to support his equal protection claim against Wickham.

Plaintiff states a colorable due process claim against Wickham for the same reasons the court set forth in the original screening order with respect to the due process claims asserted against the other defendants. The court will now address the equal protection claim against Wickham.

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated

5

should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). A plaintiff must either allege facts indicating that he was intentionally discriminated against based on membership in a protected class, or that he has been intentionally treated differently from others who are similarly situated with no rational basis for the difference in treatment. *See Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).

While Plaintiff includes minimal facts to support his equal protection claim, he sufficiently alleges for the purposes of screening that Wickham intentionally treated him differently from similarly situated inmates in denying his grievance requesting a STG due process hearing.

In sum, Plaintiff may proceed with the claims asserted in the FAC against Castro, Keith, Smith, Ward and Wickham.

### III. CONCLUSION

(1) Defendants' motion to strike (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** insofar as it seeks to strike the FAC in its entirety. It is **GRANTED** insofar as it seeks to strike Exhibit A to the FAC (set forth at ECF No. 13 at 13-14), which contains a confidential settlement communication.

(2) Plaintiff can **PROCEED** with the claims in the FAC against Castro, Keith, Smith, Ward and Wickham (ECF No. 13).

(3) Within **FOURTEEN DAYS** of the date of this Order, the Nevada Attorney General's Office shall file a notice advising the court and Plaintiff whether it will accept service for defendant Wickham, and if it does not accept service for defendant Wickham, it shall file his last known address under seal (but shall not serve Plaintiff with the last known address). If the last known

address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service on behalf of defendant Wickham is not accepted by the Attorney General's Office, Plaintiff must file a motion requesting service at the last known address filed under seal by the U.S. Marshal's Office. Plaintiff has 90 days from the date of this Order to effectuate service as to defendant Wickham. If Plaintiff requires additional time, he must file a motion for an extension of time in accordance with Local Rule IA 6-1. Such motion must be supported by good cause and must be filed *before* the expiration of the 90-day time period.

(4) Defendants have **TWENTY-ONE DAYS** to file an answer or otherwise respond to the FAC.

**IT IS SO ORDERED**.

Dated: December 14, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE