# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN CLAUSEN,

    Plaintiff

v.

C/O R. SMITH, et. al.,

    Defendants

Case No.: 3:17-cv-00416-MMD-WGC

**Order**

Re: ECF No. 41

    Before the court is Defendants' motion for leave to file exhibits under seal in connection with their motion for summary judgment. (ECF No. 41.)

    In this motion, Defendants seek to file under seal Exhibit A, which is a NOTIS entry for a May 20, 2015 due process hearing; Exhibit B , which is a NOTIS entry for June 1, 2015; Exhibit C, containing Plaintiff's Security Threat Group (STG) identification, points and notice to Plaintiff for April 6, 2016; Exhibit E, administrative segregation classification results notice regarding STG dated April 4, 2016; and Exhibit F, which is the administrative segregation classification results notice regarding STG dated May 4, 2016. Defendants seek to file these documents under seal, arguing that they contain confidential STG information.

    "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to

permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or

promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants seek to file exhibits under seal in connection with a motion for summary judgment. This is more than tangentially related to the merits of a case. Therefore, the compelling reasons standard applies.

Defendants divulge nearly all of the details from the exhibits they seek to seal in their motion for summary judgment, which they did not seek to seal. In addition, much of the information contained in these documents is also discussed in Plaintiff's pleadings, which he has not sought to seal. Defendants do not assert any specific basis for sealing these documents other than the general assertion that they contain "confidential" information. Absent a compelling reason to seal these exhibits, Defendants' motion (ECF No. 41) is **DENIED**; however they shall remain **provisionally sealed**. Defendants have **14 days** from the date of this Order to file a renewed motion for leave that asserts specific, compelling reasons for sealing any of these

exhibits. If the court does not receive such a filing within 14 days, then the Clerk shall unseal these exhibits.

**IT IS SO ORDERED**.

Dated: July 8, 2020

                                                      William G. Cobb
                                                    United States Magistrate Judge