UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| KEVIN CLAUSEN, | Case No. 3:17-cv-00416-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 61), recommending that the Court grant in part and deny in part Defendants' motion for summary judgment (the "Motion") (ECF No. 40). Defendants partially objected (ECF No. 68), and Plaintiff has not responded. For the reasons explained below, the Court will adopt the R&R.

The Court incorporates the facts outlined in the R&R (ECF No. 61 at 1-3) and does not recite them here.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Defendants' objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Judge Cobb recommended that the Motion be: (1) denied as to both the failure to exhaust and the statute of limitations arguments; (2) granted as to all official capacity claims; (3) denied as to Defendants' argument that Ward and Wickham did not personally participate in violating Plaintiff's due process rights; (4) granted as to the equal protection claim against Wickham; and (5) denied as to Defendants' qualified immunity argument on the due process claims. (ECF No. 61 at 2-7, 13-20.)

Defendants do not object to Judge Cobb's first four recommendations. (ECF No. 68 at 2.) They also concede that, as Judge Cobb found, Defendants asserted qualified immunity in their reply—not in their initial Motion. (ECF No. 68 at 2-3; *see also* ECF No. 61 at 20.) But Defendants now request that the Court exercise its discretion to consider Defendants' qualified immunity argument for no other reason than that the Court can. (*See* ECF No. 68 at 3.) Defendants also contend that Plaintiff should be afforded the opportunity to file a sur-reply to this argument. (*Id.* at 2). However, Plaintiff did file a sur-reply to the Motion (ECF No. 55), but Judge Cobb granted Defendants' motion to strike the sur-reply (ECF No. 59). Because Plaintiff has not had an opportunity to respond to the qualified immunity argument—which is partially Defendants' own doing—the Court declines to consider that argument now. Accordingly, the Court overrules Defendants' objection.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 61) is accepted and adopted in full.

It is furthered ordered that Defendants' motion for summary judgment (ECF No. 40) is granted as to all official capacity claims and Plaintiff's equal protection claim against Wickham, but the Court denies the motion in all other respects.

DATED THIS 20th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE